IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
|     Plaintiff, | CR. NO. S-06-0058 FCD (GGH) | |
| vs. | (Related Numbers SW 04-237, SW 04-438) | |
| IOSIF CAZA, et al., | | |
|     Defendants. | ORDER | |

      In September 2004, the undersigned authorized search warrants in the above referenced case, SW-04-237, SW-04-238. Because part of the search involved an attorney's office, and individuals involved in immigration proceedings, the undersigned ordered sealing of information within the warrants, especially the identification of persons with ongoing asylum applications. The United States has subsequently received indictments against persons associated with the search warrants, and that indictment is CR 06-058 (FCD).

      The United States seeks to partially unseal previously sealed information in that government attorneys involved in the asylum process, and the immigration tribunals themselves, need to know that some of the persons whose identities were previously sealed are persons who may be proceeding with fraudulent asylum applications. However, the United States has so moved not in the pending criminal proceeding, but ex parte in the underlying search warrant

1

miscellaneous actions.

The underlying search warrant proceedings have a purpose when no criminal action has been commenced, and action must be taken, nevertheless, because of the search activities, e.g., motion for return of property pursuant to Fed. R. Crim. P. 41(g). However, once a criminal action has been commenced, the underlying miscellaneous actions are subsumed within the criminal proceeding. For example, bail reviews would not be held in the underlying MAG complaint action, but in the criminal proceeding itself once commenced. Motions to suppress are not held in the underlying search warrant actions, but in the overarching criminal proceeding. Thus, it is inappropriate to move for an order ex parte in the now moribund SW action for relief which may affect the indicted defendants.

Thus, the defendants will be entitled to respond to the government's application. The United States shall file its Petition to Amend Court's Order of September 21, 2004, in the criminal proceeding. Defendants, if they so desire, may oppose such filing within five court days of the filing. The undersigned will then take the matter under submission, and will issue an order expeditiously.[1]

DATED: 10/31/06                            /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
caza58.ord

---

[1] The matter is properly before the undersigned pursuant to E.D. Cal. Local Rule 72-302(b)(1). The matter should not be placed on the duty magistrate judge calendar in that the undersigned has familiarity with his order and the reasons for such order.

2