IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| | Plaintiff, | CR. NO. S-06-0058 FCD (GGH) |
| | vs. | |
| JAGPRIT SEKHON, et al., | | |
| | Defendants. | ORDER |

The above referenced case involves allegations of fraud in the asylum application and prosecution process. The search warrant affidavit in 06 SW 236, 237 and 238, incorporated into this criminal case, authorized, inter alia, the search of an attorney office for evidence related to the alleged fraud. Within the search warrant affidavit, numerous asylum applicants were identified, although only exemplar cases were specifically discussed. However, representations were made under oath that the non-discussed cases were essentially identical in their fraud particulars with that of the discussed exemplar. In order to protect from public perusal the privacy of persons, who had not yet been found to have participated in a fraud, the undersigned ordered the unredacted affidavit(s) sealed.

However, the undersigned was also concerned with the potential for fraud on the tribunal if the identified applicants and their attorneys (target parties of the search) were

1

permitted to proceed through administrative tribunals and even the Ninth Circuit with an application packet fraudulent in significant part. The undersigned specifically ordered:

> The undersigned has made a probable cause finding in connection with the search warrant that a federal crime involving fraudulent asylum applications likely has been committed. In connection with requesting the search warrant the United States identified specific asylum applicants whose applications were likely permeated with fraud. The United States and the parties shall immediately petition the appropriate administrative tribunal or court concerning a stay in the administrative proceedings for those asylum applicants who have been specifically identified in the unredacted search warrant materials; the United States and the parties shall report on any administrative decision regarding the requested stay as soon as it is made. Except as set forth above and until further order of the court, the target parties are forbidden to file further documents in the administrative proceedings, or make appearances therein, *with respect to those identified asylum applicants*. The target parties shall also be mindful of not filing any documentation or making appearances in non-identified cases which would be considered a fraud on the administrative tribunal/court.

September 21, 2004 order at 3.

The United States brought a motion requesting the search warrant be partially unsealed so that information in the warrant particular to an applicant's ongoing administrative asylum case could be presented administrative (or somehow to the Ninth Circuit for those cases which had proceeded that far). At the initial court hearing on this motion, the parties urged the court not to decide the motion, but to let the parties work out a stipulation instead – a stipulation which would be pertinent to the administrative proceedings as well. The undersigned agreed, but also advised the parties that the sealing per se of a document did not prelude its otherwise legal use outside of the court.

Finally, the September 21, 2004 order also instructed the parties to agree on a protective order for future use of the sealed documents.

Exhaustive discussions were held with the immigration authorities in the hopes of reaching a universal stipulation regarding a protective order. For reasons not necessary to detail here, a stipulation could not be worked out, and after many continuances, the government's filed matter was resurrected before the undersigned on June 13, 2007. The United States has asked again that the search warrant file(s) be partially unsealed, i.e. given limited distribution.

1        At the hearings on the government motion, the undersigned had overlooked that
2  portion of the September 21 order requiring the parties to agree on a protective order before
3  disseminating the sealed information.  Thus, the parties had reason to be concerned about outside
4  use of the sealed warrants which the undersigned did not recognize at hearing.  The
5  undersigned's in-court, simplistic analysis of the effect of a sealing order per se, although correct
6  in the abstract, did not fit the situation before the parties.
7        In order to clarify the September 21, 2004 order, the undersigned strikes that part
8  of the order requiring the parties to agree on a protective order prior to outside use of the sealed
9  information.  Order at 3:1-4 (entitled "Protective Order.")  Thus, in the absence of a filed
10  protective order (and a requirement to seek such), the only issue to be discussed is the effect of
11  the sealing order per se, i.e., back to the simplistic analysis.
12        A sealing order merely protects information in the court files from public perusal.
13  Unless included within, or accompanied by, a *protective order*, the parties who have possession
14  of copies of the sealed information are free to use it in whatever lawful manner the information
15  can be used.  For example, document X may be filed under seal.  The parties in copy possession
16  of document X may still refer to it, investigate the facts therein, contact persons referenced, or
17  file the copy in another tribunal – assuming that no other law precludes such.  However, if
18  document X is a copy of grand jury proceedings, the parties outside use of copies of the sealed
19  grand jury testimony may well be limited – not because of its sealed status, but because other law
20  requires it to be kept confidential in most all other ways.  Also, if the court had ordered document
21  X to be sealed, *and* had ordered the contents thereof not to be otherwise disseminated, that
22  protective order would limit outside use of retained copies.  Here, there is (now) *only* a sealing
23  order of a search warrant affidavit, a document which is not inherently protected from public
24  exposure outside court files.
25        Secondly, the United States was specifically tasked with notifying the
26  administrative tribunals of the identity of specific persons who were connected to the fraud

allegations in the search warrant.  It would be perverse to believe that, nevertheless, the court in sealing the search warrant had intended to prevent the government from performing the task to which it had been directed.

*Conclusion*

Thus, the motion of the government (Docket # 53, November 8, 2006)) to order the sealed warrant partially unsealed in order to allow the government to send it to administrative or court tribunals is denied as unnecessary.  The United States may utilize its copies of the sealed information outside of this criminal action as statutory, regulatory, or case law permits it to be used.[1]  Of course, the undersigned expresses no opinion on how a served tribunal should utilize the information, if at all.

That portion of the September 21, 2004 order entitled "Protective Order" and its accompanying text is stricken.

DATED: 6/15/07              /s/ Gregory G. Hollows

                            _____
                            GREGORY G. HOLLOWS
                            UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
sekhon.ord4

---

[1] A lengthy discussion was held in court concerning the form in which copies of the warrant at issue could be sent to the immigration tribunal or to the Ninth Circuit.  It well may be that common law privacy, other privileges, or applicable statutory law would require the warrant to be filed in those tribunals in redacted form, i.e., deletion of applicant identities other than one or more concerned with a specific asylum application.  The specific form of dissemination is up to the government based on its understanding of the law governing in the tribunals at issue.  The undersigned expresses no direction on that subject.